UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREN AZUCENA AGUILAR-GAMEZ,

Petitioners-Plaintiffs,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,

Respondents-Defendants.

Case No.: 26cv05161 DMS (MMP)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

Before the Court is Petitioner, Karen Azucena Aguilar-Gamez's, second Petition for a Writ of Habeas Corpus. ECF No. 1. On September 11, 2026, the Court issued an Order to Show Cause ("OSC") why this instant case should not be dismissed. (ECF No. 2). For the following reasons, the Court **DISMISSES** the Petition **AS MOOT**.

**I.**

**BACKGROUND**

As noted above, this is not Petitioner's first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court takes judicial notice of *Aguilar-Gamez v. LaRose*, No. 26cv5017 DMS (JAC) (S.D. Cal.) ("*Aguilar-Gamez I*"). *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). On September 3, 2026, Petitioner,

represented by Nicholas Paul of the Partnership for the Advancement of New Americans, filed her first petition for a writ of habeas corpus in this Court seeking release from immigration custody. *See Aguilar-Gamez I,* ECF No. 1. The Court issued an order requiring a response in *Aguilar-Gamez I.* After briefing from the parties, this Court granted the Petition in *Aguilar-Gamez I* on October 7, 2026, and ordered Petitioner's immediate release. *See id*., ECF No. 7. On October 9, 2026, Respondents submitted a status update confirming Petitioner's release from custody. *Id.*, ECF No. 9.

While the above proceedings were taking place, Petitioner, represented by a different attorney, filed the Petition in this case on September 10, 2026, also seeking release from immigration custody. *Aguilar-Gamez v. LaRose*, et al., 26cv5161 DMS (MMP) (S.D. Cal.) ("*Aguilar-Gamez II*"). As noted above, on September 11, 2026, this Court issued an OSC as to why the case should not be dismissed as duplicative of *Aguilar-Gamez I*. ECF No. 2. Petitioner filed a response to the OSC on September 17, 2026. *Id.*, ECF No. 4.

## II.

## DISCUSSION

"Writs of habeas corpus may be granted by. . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The Supreme Court has concluded that the Constitution limits federal courts' jurisdiction over habeas petitions, and other actions, to those that present live cases or controversies. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels,* 413 F.3d 991, 994 (9th Cir. 2005) (citing *Hawkins v. Gore*, No. 21-CV-01119-BAS-BGS, 2021 WL 6622292 *1 (S.D. Cal. Dec. 21, 2021). A habeas petition may become moot when a petitioner who sought release from custody as the primary relief for his habeas petition is released from the respondent's custody. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997)

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064–65 (9th Cir. 2007). Here, because Petitioner was granted habeas relief in *Aguilar-Gamez I*, has been released from custody, and alleges no remaining collateral consequences in *Aguilar-Gamez II*, the instant petition is moot. *See id.*

## III.

## CONCLUSION

Accordingly, because Petitioner has been released from custody, the Court **DISMISSES** Petitioner's instant Petition for a Writ of Habeas Corpus as moot. The Clerk of Court Shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 13, 2026

Hon. Dana M. Sabraw
United States District Judge